IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHAWN R. COUDRIET, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 17-197 Erie |
| v. | ) | |
| | ) | |
| KAYLEEN CARSON, *et al.*, | ) | District Judge Susan Paradise Baxter |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

Pending before the Court in the above-captioned matter is a motion to dismiss the complaint for failure to state a claim upon which relief can be granted. ECF No. 7. For the reasons that follow, the motion will be granted.

I.  **BACKGROUND**

Plaintiff Shawn R. Coudriet, a former inmate of the State Correctional Institution at Albion ("SCI-Albion"), commenced this civil rights action on July 19, 2017, naming as defendants "Kayleen Carson, P.O.," "State Parole & Probation of PA," and "SCI-Albion-Medical Dept." ECF No. 3.[1] The allegations in Plaintiff's initial complaint are sparse and somewhat unclear. The substantive allegations, in their entirety, state:

> Kayleen Carson P.O. violated me on state parole before I was found guilty of any offense by a court and took me to Albion where I stayed with revocation hearing until my maximum date of April 18th 2016. I suffered serious injuries there. Had to see my primary care phision [sic] who found blood in my stool. Not on state parole under care after pleading guilty to the setup case, they violated me again and took me back with no medication gave me a revocation hearing again. Both time [sic] I had to wait for days for heart medication[.] I had swelling of feet and hand [and] chest pains. Let alone they didn't give me meds for my Doctors [sic] care, for

---

[1] The case was originally referred to the undersigned, then a United States Magistrate Judge, for pretrial proceedings in accordance with Rule 72(C) and (D) of the Local Civil Rules of Court. Having since been appointed as a United States District Judge, the undersigned is now presiding over this matter in that capacity.

1

> my stomach. Not being on state parole they violated me again. I transfered [sic] from Crawford County Jail with med for my heart & they denied me them.

ECF No. 3. As relief for the foregoing events, Plaintiff requests that this Court "[m]ake a change in Prison Medical System for PV's Parole Violators & alot [sic] me a massive awards [sic] monitary [sic] judgement [sic]." *Id.*

After the filing of Plaintiff's initial complaint, the Defendants filed a motion to dismiss, ECF No. 7, which remains pending before the Court. As grounds for their motion, Defendants assert that: (i) the Eleventh Amendment bars suit against the Parole Board and SCI-Albion "Medical Staff," and (ii) Plaintiff failed to state a claim against Parole Officer Carson based on the averments in the complaint. ECF No. 8.

On September 27, 2017, the Court ordered Plaintiff to respond to the pending motion and afforded Plaintiff the option of filing a proposed amendment to the complaint as a means of curing any defects. ECF No. 10. Plaintiff subsequently filed a document styled as an "Amended Complaint" which merely stated: "ALL FACTS SAME AS ORIGINAL COMPLAINT ONLY CHANGE AS TO ONE DEFENDANT." ECF No. 11. Based on this filing, it appeared that Plaintiff intended to add "Robert Maxa, M.D. SCI-Albion" as an additional defendant without changing any of his original averments.

By order dated January 31, 2018, the Court ruled that Plaintiff's purported amendment was deficient. ECF No. 14. In the interests of fairness, however, the Court allowed Plaintiff another attempt to amend his complaint. The Court explained, among other things, that the "proposed amended complaint must be a single stand-alone document that does not incorporate or reference the Original Complaint." ECF No. 14.

On February 16, 2018, Plaintiff filed a motion to amend and a proposed amended Complaint. ECF No. 15 and 15-1. The new proposed pleading named only Dr. Maxa as a

2

Defendant and made no mention of the other originally named Defendants, either in the caption or in the body of the pleading. ECF No. 15-1. Although the pleading purported to assert an Eighth Amendment violation based on alleged deliberate indifference to Plaintiff's medical needs while he was imprisoned at SCI-Albion, the substantive averments of the pleading failed to mention Dr. Maxa or state any basis for his personal involvement in the alleged wrongdoing. *Id.* Accordingly, by order dated March 9, 2018, the Court denied Plaintiff's motion for leave to amend his complaint. ECF No. 16.

In its March 9, 2018 Order, the Court granted Plaintiff another opportunity to request leave to amend his original complaint. ECF No. 16. Plaintiff was given until March 22, 2018 to file his motion to amend and proposed amended complaint. *Id.* Included in the Court's order were specific pleading instructions and a cautionary admonition that Plaintiff should carefully adhere to the pleading instructions, as "this may be the last opportunity he is afforded to attempt to amend his complaint." *Id.*

As of this date, Plaintiff has not sought further leave to amend his pleading. Because Plaintiff's two prior attempts at amendment were rejected by the Court, his original complaint, ECF No. 3, remains the operative pleading in this case and Defendants' motion to dismiss that complaint, ECF No. 7, has not been mooted. The Court will therefore address the Defendants' motion on its merits.[2] Because Plaintiff is proceeding *in forma pauperis,* the Court is also

---

[2] A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). Although pro se pleadings are held to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (*per curiam*), "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc*., 704 F.3d 239, 245 (3d Cir. 2013). In reviewing a Rule 12(b)(6) motion, the court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *West Penn Allegheny Health Sys., Inc. v. UPMC*, 627 F.3d 85, 91 (3d Cir. 2010). The

3

independently obligated under 28 U.S.C. §1915(e) to consider the sufficiency of Plaintiff's complaint and dismiss the case "at any time" if the action: (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted;[3] or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §1915(e)(2)(B).

## II. DISCUSSION

Turning to the substance of Plaintiff's allegations, it appears that he is alleging a violation of his federal civil rights. *See* Compl. at III (alleging a "conspircy [sic] against rights"). The Court will therefore assume that Plaintiff is attempting to bring a claim under 42 U.S.C. §1983, which provides a private cause of action as against "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws . . . ." In order to state a claim under § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or federal law and must show that the alleged violation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Here, Defendants argue, and this Court agrees, that Plaintiff fails to state an actionable claim against the Pennsylvania Board of Probation and Parole. Because the Board is an instrumentality of the Commonwealth of Pennsylvania, it is entitled to immunity from suit in federal court pursuant to the Eleventh Amendment to the U.S. Constitution. *See* U.S. Const.

---

court may also consider matters of public record, *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010), which, in this case, include court records relative to criminal charges that were filed against Plaintiff in 2016. *See* ECF No. 7-1 and 7-2.

[3] In conducting a review under 28 U.S.C. §1915(e)(2)(B)(ii), the court applies the same standard of review as it would apply under a traditional Rule 12(b)(6) analysis. *See Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012).

4

amend. XI;[4] *see also Goodman v. McVey,* 428 F. App'x 125, 127 (3d Cir. 2011) (affirming dismissal of Section 1983 suit against Pennsylvania Board of Probation and Parole because of, among other things, Eleventh Amendment immunity); *Kline v. Lynde,* No. 3:18-CV-1938, 2018 WL 5268616, at *2 (M.D. Pa. Oct. 23, 2018) (finding that "the Pennsylvania Board of Probation and Parole is immune from suit under the Eleventh Amendment"). Similarly, any claim against Officer Carson in her official capacity -- being effectively a claim against the Board itself – is barred under the Eleventh Amendment. *See McGee v. Thomas,* No. CV 16-5501, 2018 WL 347578, at *6 (E.D. Pa. Jan. 10, 2018); *Foster v. McLaughlin,* 203 F. Supp. 3d 483, 487-88 (E.D. Pa. 2016).

Defendants further argue -- and this Court agrees -- that Plaintiff has failed to state an actionable claim against the "SCI-Albion Medical Department." The prison's "medical department" is not a "person" capable of being sued under Section 1983; rather, it is merely a part of the prison itself. It is well established that state prisons are not entities that are amenable to suit under §1983. *See Pettaway v. SCI Albion*, 487 F. App'x 766, 768 (3d Cir. 2012) (per curiam) ("[A]s a state agency and the prison it administers, the Department of Corrections and SCI-Albion are not 'persons' and thus cannot be sued under 42 U.S.C. § 1983."); *Ryant v. Hatty*, No. 18-CV-1848, 2018 WL 3970523, at *2 (E.D. Pa. Aug. 17, 2018) ("[T]o the extent Ryant seeks to proceed against SCI Graterford, he cannot, as it is 'part of the executive department of the Commonwealth of Pennsylvania' and therefore 'share[s] in the Commonwealth's Eleventh Amendment immunity.'") (quoting *Dickerson v. SCI Graterford*, 453 F. App'x 134, 137 (3d Cir.

---

[4] The Eleventh Amendment protects a state and its state officials from a federal suit unless: (1) Congress has abrogated the state's immunity; (2) the state has waived its own immunity; or (3) the plaintiff sues an individual state officer for prospective relief to end an ongoing violation of federal law. *See MCI Telecomm. Corp. v. Bell Atl. Pa*., 271 F.3d 491, 503 (3d Cir. 2001). None of these exceptions is applicable in the case at bar.

5

2011) (per curiam)) (second alteration in the original); *Kinney v. Susquehanna Cnty., Corr. Facility*, Civil No. 3:16-cv-622, 2016 WL 1752769, at *2 (M.D. Pa. May 2, 2016) (noting that "a department within a prison may not be sued under 42 U.S.C. § 1983 since it is not a person" and dismissing §1983 claims against county correctional facility's medical department and nursing staff) (internal quotation marks and citation omitted).

Insofar as Plaintiff's complaint is directed against Officer Carson in her personal capacity, the Court agrees with Defendants that the complaint fails to state a plausible violation of his federal constitutional rights for which Officer Carson could be held liable. "[T]o establish liability for deprivation of a constitutional right under § 1983, a party must show personal involvement by each defendant." *Kinney,* 2016 WL 1752769, at *2 (internal quotation marks and citations omitted). To the extent Plaintiff's claims arise out of alleged deliberate indifference to his serious medical needs, the complaint fails to set forth any factual content that would plausibly suggest that Carson was personally involved in that alleged misconduct.

Instead, Plaintiff's claims against Carson appear to arise from her role in arresting him for parole violations, leading to his incarceration at SCI-Albion. Again, the Complaint's factual content is sparse. Plaintiff alleges that Carson "violated [him] on state parole before [he] was found guilty of any offense by a Court and took [him] to Albion where [he] stayed with revocation hearing until [his] maximum date of April 18th, 2016." ECF No. 3 at VI (C). Elsewhere, Plaintiff suggests that he pled guilty to "the set up case," after which "they violated me again and took me back with no medication [and] gave me a revocation hearing again." *Id.* Plaintiff's primary complaint seems to be that, while at SCI-Albion, he was denied heart medication; there is no allegation, however, that Carson was responsible for the alleged failure to provide Plaintiff his medications.

6

To the extent Plaintiff is attempting to assert a violation of his procedural due process rights, his allegations fail to state a viable claim. In order to state a procedural due process claim, "a plaintiff must allege that (1) he was deprived of an individual interest that is encompassed within the Fourteenth Amendment's protection of 'life, liberty, or property,' and (2) the procedures available to him did not provide 'due process of law.'" *Hill v. Borough of Kutztown*, 455 F.3d 225, 233-34 (3d Cir. 2006). Moreover, "[i]n order to state a claim for failure to provide due process, a plaintiff must have taken advantage of the processes that are available to him or her, unless those processes are unavailable or patently inadequate." *Alvin v. Suzuki*, 227 F.3d 107, 116 (3d Cir. 2000). "[T]he fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner but the concept is flexible, calling for protection as dictated by the particular circumstances." *Kahn v. United States*, 753 F.2d 1208, 1218 (3d Cir. 1985). Prisoners and parolees enjoy a more limited range of protected interests than average citizens. "As a parolee, [an individual] does not enjoy 'the absolute liberty to which every citizen is entitled, but only [a] conditional liberty properly dependent on observance of special parole restrictions.'" *Johnson v. Mondrosch*, 586 F. App'x 871, 874 (3d Cir. 2014) (internal quotation marks and citation omitted) (second alteration in the original). "Restrictions to a particular community, job, or home, as well as restrictions on travel or movement, are standard conditions of parole." *Id*.

Here, Plaintiff appears to be alleging that Carson charged him with a state parole violation – presumably the filing of new criminal charges -- before Plaintiff was found guilty of any offense. He appears to acknowledge that he received a parole revocation hearing, which resulted in him serving out his maximum sentence on his original conviction for which he was serving parole. Elsewhere in his complaint Plaintiff states that, "after pleading guilty on the set up case," he received another revocation hearing and was taken back to SCI-Albion.

7

Even crediting these allegations, the complaint fails to state a plausible violation of Plaintiff's due process rights at the hands of Officer Carson. Court records from the Crawford County Court of Common Pleas indicate that Plaintiff was indeed charged with a misdemeanor and summary offense in 2016, arising from a January 21, 2016 incident, to which he eventually pled guilty. ECF Nos. 7-1 and 7-2. It thus appears that Plaintiff may have been charged with a parole violation based on his incursion of new criminal charges in 2016. To the extent Plaintiff is suggesting that Officer Carson arrested him in connection with the parole violation, Carson acted well within her powers as a probation officer in doing so. *See* 61 Pa. Stat. Ann. §6152 (stating that probation officers are peace officers and have authority to conduct arrests with or without warrants upon violation of a subject's probation or parole). Nowhere in his complaint does Plaintiff allege how the procedural avenues available to him were constitutionally inadequate.

Finally, to the extent Plaintiff sought to assert a deliberate indifference claim against Dr. Maxa based on the alleged denial of his medications while incarcerated at SCI-Albion, the Court finds that Plaintiff's averments lack sufficient factual content to establish Dr. Maxa's personal involvement in the alleged wrongdoing. Accordingly, even when Plaintiff's pleadings are construed in the most favorable light, they fail to state a claim upon which relief could be granted against Dr. Maxa.

### III.   AMENDMENT

Before dismissing a complaint for failure to state a claim upon which relief may be granted, the Court must grant an *in forma pauperis* plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3rd Cir. 2002). In this case, the defects in Plaintiff's claims against the State Probation and

Parole Board, the SCI-Albion Medical Department, and Officer Carson appear to be irremediable, making further amendment futile.  Moreover, Plaintiff has already been given several chances to try and plead his claims, and he failed to submit a proposed amended complaint within the most recent deadline imposed by this Court.  In this Court's view, it would be inequitable to further delay this case by affording Plaintiff yet another extension relative to his pleading deadline.

## IV. CONCLUSION

Based upon the foregoing reasons, Defendants' motion to dismiss the complaint will be granted, and the within action will be dismissed with prejudice.  An appropriate Order follows.

<u>/s/ Susan Paradise Baxter</u>
SUSAN PARADISE BAXTER
United States District Judge

Date:   January 11, 2019